CV 10 1420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK A. RAFFERTY,

                    Plaintiff,

        -against-

STEPHEN BUDWAY, Shield No. 5482, and the
COUNTY OF SUFFOLK,

                    Defendants.
------------------------------------------------------------------X

Filed
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 30 2010 ★
LONG ISLAND OFFICE

**JURY TRIAL DEMAND**

Case No. CV_____

**COMPLAINT**

WEXLER, J.
TOMLINSON, M

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against a police officer of the County of Suffolk, New York (hereinafter "County") and against the County, the employer of the above referred to police officer, which is sued as a person under 42 U.S.C. §1983 because of its condonation of such abusive treatment of citizens as that complained of herein.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983, 1988 and Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §1331 and §1343(1), (2), (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The amount in controversy exceeds one hundred fifty thousand ($150,000) dollars, excluding interest and costs.

## PARTIES

4. Plaintiff was, at all times relevant to the allegations of this complaint, a citizen of the United States and a resident of the County.

5. Defendant Budway, at all times relevant hereto, was employed by the County. He is sued individually and in his official capacity.

6. The defendant County is a municipal corporation within the State of New York and at all relevant times it acted under color of law and employed defendant Budway as a police officer.

7. At all times relevant to the allegations of this complaint and in all his actions described herein, the individual defendant was acting as the agent, servant and employee of the County and he was acting under color of law and pursuant to his authority as a police officer.

## FACTUAL ALLEGATIONS

8. At about 3:15 p.m. on or about December 14, 2006, near the intersection of Route 112 and Fourth Street in Coram, New York, defendant Budway, who was dressed in civilian clothes, deliberately struck plaintiff's vehicle with the car the former was operating.

9. Soon thereafter, while sitting in his vehicle, Officer Budway kicked plaintiff in the chest.

10. Thereupon, he exited his car and menaced plaintiff with his hands. In response, plaintiff, in an attempt to protect himself from being injured, punched defendant Budway and retreated to a nearby medical building for the purpose of calling police.

11. As plaintiff moved away from Officer Budway, the latter reached into a bag, pulled out a gun and fired it.

12. At the medical building, defendant Budway pointed a gun in plaintiff's face and struck plaintiff some five or six times in the ribs with the gun.

13. On December 14, 2006, officer Budway went before a notary public and swore to statements on the basis of which plaintiff was charged with assault and resisting arrest.

14. During or about December 2006, defendant Budway caused accusatory papers to be filed with the County's First District Court, thereby, without probable cause, causing the commencement against plaintiff of prosecutions on charges of assault and resisting arrest.

15. Officer Budway commenced and pursued the prosecutions against plaintiff maliciously, for some purpose or purposes, personal to him, including the purpose of concealing his own misconduct.

16. During a criminal trial of plaintiff on baseless changes of assault in the third degree and resisting arrest, defendant Budway gave false testimony, including declaring he had left Southampton, N.Y. at 4:00 p.m. and thereafter interacted with plaintiff, asserting that his gun got loose and fell from his holster, declaring that plaintiff struck him some five times and claiming that plaintiff, whose physical condition rendered such conduct impossible, was running around a car.

17. In furtherance of a scheme to conceal police misconduct directed against plaintiff, on December 14, 2006, County Officer Nicotra falsely testified at an Administrative Adjudication Hearing that he signaled plaintiff to pull his vehicle over.

18. He charged him with having no front license plate on his truck and, consistent with defendant Budway's assertion that the incident in Coram occurred after he had left South Hampton at 4:00 p.m., the Officer charged plaintiff with having no front plate in Coram at 6:00 p.m. In addition, without warrant, consent on probable cause, defendant Nicotra searched plaintiff's truck on December 14, 2006.

3

19. During the plaintiff's criminal trial on charges of assault and resisting arrest, Officer Nicotra testified as follows:

"Q  Okay, and did you tell the judge over there [at the Administrative Adjudication Bureau] that you actually observed Mr. Rafferty operating that motor vehicle?

"A  Yes."

"Q  That would have been a lie, right?

"A  Yes."

17. Defendant Nicotra went on to give the following testimony at the criminal trial:

"Q  You didn't remember that you didn't' see Mr. Rafferty driving?"

"A  No. I didn't remember the situation with Mr. Rafferty. I didn't even know what the ticket was for."

"Q  Okay, so…it would have been improper for you to issue a ticket to Mr. Rafferty for driving with no front plate when you actually did not observe Mr. Rafferty operating that motor vehicle, correct?"

"A.  Yes."

20. In the early morning hours of December 15, 2006 at the Sixth County Police Precinct, which was then in Coram, New York, a County police officer whose shield no. is 4663, deprived plaintiff of food and denied requested sugar urgently needed by plaintiff because of his diabetic condition.

21. The latter officer while at the Sixth County Police Precinct also squeezed plaintiff's testicles while declaring, "Get out of Suffolk County or else." In addition, at the Sixth County Police Precinct, without warrant, consent or probable cause, he subjected plaintiff to an intrusive search.

22. The officer whose shield no. is 4663, also at the Sixth Precinct, applied handcuffs to plaintiff excessively tightly.

4

23. Thereafter plaintiff, while together with the latter officer at the Third Police Precinct in Bay Shore, New York, requested that he loosen the cuffs.

24. The officer responded, "You just better shut your mouth and get out of Suffolk County."

25. County police officer Schneider, at the medical building near the scene of plaintiff's arrest at about 3:30 p.m. on December 14, 2006, pushed him down the stairs of the medical building, banged his head repeatedly against a police car while he was cuffed behind his back, roughly pushed him into a very cluttered car and repeatedly slammed the car door against his right foot and ankle. In addition, without warrant, consent, or probable cause, at the scene of the arrest, he searched plaintiff's person and caused his truck to be impounded.

26. During or about January 2007, plaintiff attempted to complain to Internal Affairs of the County Police Department about the above referred to misconduct.

27. At the Yaphank Police Headquarters building, County poloice sergeant Yuengling interviewed him by phone while he was in the lobby of the building.

28. Soon thereafter, she displayed a statement to him that summarized her claimed understanding of what he told her during the phone conversation.

29. The Sergeant omitted from the statement facts bearing upon significant wrongdoing about which plaintiff had told her, including his being propelled against a car, the car door being closed against his foot and ankle, his being subjected to excessively tight handcuffs and his testicles being squeezed.

30. Plaintiff advised sergeant Yuengling that he would sign a revised accurate statement, but not the statement which she had attributed to him.

31. In response, the Sergeant declared the meeting was over and instructed plaintiff to get out.

32. On or about May 15, 2009, a County District Court jury acquitted plaintiff of the charges of assault and resisting arrest, on which he had been tried, and the prosecution thereon was thereupon terminated in plaintiff's favor.

33. As a result of the abuse and official misconduct hereinbefore alleged, plaintiff sustained damage including emotional distress, which persists to the present and manifests itself, *inter alia*, by plaintiff's shaking whenever he sees a police officer; fright; humiliation; loss of time from usual activities and payment of a legal fee for his criminal defense. In addition, plaintiff was otherwise damaged, including experiencing loss of the use of and damage to his truck.

34. The mistreatment to which plaintiff was subjected was consistent with an institutionalized County practice which was known to and approved of by the municipality, the latter defendant having at no time taken any effective steps to prevent the individual defendants from continuing to engage in such misconduct as that alleged herein.

35. Defendant County authorized, tolerated as institutionalized practices and approved of the misconduct heretofore referred to by:

(a) failing to properly train, discipline, restrict and control employees, including the individual defendant, known to be irresponsible in their dealings with citizens of the community;

(b) failing to take adequate precautions in the hiring, assignment and retention of police personnel, specifically including the individual defendant;

(c) failing to forward to the office of the County District Attorney or federal authorities, evidence of criminal acts, including perjurous testimony, committed by police personnel;

(d) failing to establish and assure the functioning of a bona fide and meaningful system for dealing with complaints of police misconduct, but instead responding to complaints in the dishonest manner in which sergeant Yuengling responded to plaintiff's complaint, i.e., disingenuously holding herself out as an impartial investigator while actually, consistent with County policy, attempting to facilitate concealment of egregious police misconduct, by herself engaging in such misconduct;

(e) establishing and continuing in effect a counterfeit internal "investigation" procedure calculated to assure and having the effect of assuring police personnel that citizen's complaints against them would be sabotaged and undermined, thereby proximately causing the abuse of which plaintiff complains.

36. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

37. The allegations set forth in paragraph, 1 through 35, *supra*, are incorporated herein by reference.

38. The hereinbefore described actions and omissions engaged in under color of state authority by the defendants, including the County, sued herein as a person, responsible, because of its authorization, condonation and/or approval, including through the "investigative" conduct of Sgt. Yuengling, of the acts of its agents, which deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment rights to be free of malicious prosecution.

**WHEREFORE**, plaintiff demands the following relief:

(a) Compensatory damages jointly and severally against both of the defendants in an amount to be determined by the jury;

(b) punitive damages against the individual defendant in an amount to be determined by the jury and such other and further relief, including costs and, pursuant to 42 U.S.C §1988, such reasonable attorney's fees, as this court may deem appropriate.

Dated: Islip Terrace, New York
 March 17, 2010

                                    Yours, etc.,

                                    **ARTHUR V. GRASECK, JR.**
                                    Attorney for Plaintiff
                                    1870 Spur Drive South
                                    Islip Terrace, NY  11752-1513
                                    Tel.: (631) 513-3787